[No. 9156. Department Two. March 3, 1911.]

ANNA ALDEN, *Respondent* v. JOHN H. HANSON *et al.*,
                        *Appellants.*[1]

WORK AND LABOR—ACTION FOR SERVICES—DEFENSES—PAYMENTS—
BURDEN OF PROOF. In an action for services, where the plaintiffs re-
ceived moneys and were in a trust relation to the defendants, and
plaintiffs accounted for the moneys so received to the satisfaction·
of the jury, the burden of proving payments is not put upon defend-
ants, where the verdict can be sustained under an instruction to the
jury that in determining the amount paid they may take into con-
sideration the amounts coming into the plaintiff's hands and not
accounted for by her.

APPEAL—DECISION—REMAND. Where the plaintiff's testimony
shows that the verdict included the amount of an item improperly
charged to the defendants, the judgment will be reversed and re-
manded with directions to reduce the same in such amount.

Appeal from a judgment of the superior court for Klick-
itat county, McMaster, J., entered March 29, 1910, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion on contract. Affirmed.

*W. B. Presby*, for appellants.

*E. C. Ward* and *N. L. Ward,* for respondent.

CHADWICK, J.—This action was brought by respondent to
recover a balance alleged to be due for wages for personal
services rendered by her, and also to recover upon an assigned
claim of S. S. Beck for like services; the whole amount alleged
to be due, after crediting certain payments, being $403.90.
The jury returned a verdict for $400, and defendants have
appealed.

Error is predicated upon exceptions taken to the instruc-
tions of the court. It is first contended that the instructions
put upon the defendants the burden of proving payments
which were admitted by the plaintiff, and that the jury was
instructed to disregard any credits claimed by defendants

[1]Reported in 113 Pac. 768.

other than actual cash payments.   To discuss these objections at length would serve no purpose.   It is sufficient to say that the whole record does not, in our judgment, bear out appellants' contentions.

It is also contended that the court put upon appellants the burden of proving payments when it was made to appear that respondent and her assignor had been employed to conduct a hotel and livery stable for appellants; that they contracted debts and received moneys, thus being in a trust relation to the appellants; and it was therefore incumbent upon respondent to account for all sums so received and paid out, and that no burden rested on appellants to prove either the collection of moneys or their application.   We can agree with the rule of law contended for by appellants, but the evidence shows that respondent attempted to, and did, to the satisfaction of the jury, account for the moneys so received, and that the testimony in this behalf is sufficient to sustain the verdict when considered in the light of the court's instructions that "in determining the amount paid by defendants upon the accounts of the plaintiff, you may take into consideration the amount, if any, of the money of the defendant coming into the hands of the plaintiff and not accounted for by her to said defendant."   A like instruction was given covering the claim of her assignor, Beck.

A motion for new trial was made, and among the grounds urged is the one that the verdict is excessive.   It seems to have been the custom of respondent to meet current bills out of the receipts of the hotel.   Among other items referred to in the testimony, is one of $63.35, paid one August Kuhnhausen for groceries and supplies, for which respondent has taken credit to herself.   This sum was not paid out of the moneys collected by her for the credit of appellants, but was paid by appellant John Hanson in this wise: He drew his personal check for $68.35.   This was handed to Beck, who delivered it to Kuhnhausen, who in turn paid the difference—five dollars—to Beck, who handed it to Hanson.   It is claimed

by counsel for respondent that the testimony shows that this item was entered as a cash receipt, and again entered as an expense item, thus balancing the account.   The record shows that there were certain exhibits in the way of accounts and books admitted at the trial, but we have nothing to guide us except the statement of facts, the exhibits not being made a part of the record.   From the testimony of the respondent herself, we are satisfied that the amount of the Kuhnhausen bill was improperly charged to the appellants, and that no corresponding credit was given.   The judgment should be reduced in the sum of $63.35.   The case will be remanded with instructions to so enter the judgment.   In all other respects the judgment is affirmed, with costs to the appellants.

DUNBAR, C. J., CROW and MORRIS, JJ., concur.